**HATZEL & BUEHLER, Employer, and the Travelers Insurance Company, Insurer, Appellants,**

**v.**

**Wilbert E. TAYLOR, Appellee.**

Superior Court of Delaware.

Sussex.

Jan. 30, 1969.

Jackson W. Raysor, of Tunnell & Raysor, Georgetown, for plaintiffs.

Roy S. Shiels, of Brown & Brown, Dover, for defendant.

OPINION

McNEILLY, Justice.

This is an appeal from a decision of the Industrial Accident Board which awarded to claimant compensation for a twelve and one-half per cent (12½%) permanent partial disability of each hand without crediting the Insurer for what it claims was an overpayment by virtue of a prior award for disfigurement.

The claimant was injured in the course of his employment on October 23, 1964 and sustained electrical burns of his hands and arms. The Insurer accepted this as a compensable loss within its coverage and entered into an agreement, subsequently filed with the Board, to compensate the claimant for temporary total disability. On January 3, 1965 the claimant was able to return to work and executed a receipt for the compensation paid to that date.

Subsequently, on March 16, 1966 the claimant filed a Petition for a determination by the Board under 19 Del.C., Sec. 2326(f), of compensation due for serious and permanent disfigurement as a result of the injury of October 23, 1964. 19 Del.C., Sec. 2326(f), reads as follows:

"The Board shall award proper and equitable compensation for serious and permanent disfigurement to any part of the human body up to 150 weeks which shall be paid to the employee at the rate of 66⅔ per centum of his weekly wages, and an award for such disfigurement may be made in addition to compensation for any loss specifically set forth in this section provided that such disfigurement is visible and offensive when the body is clothed normally. The amount of such disfigurement award shall be designated by the Board, separately. No disfigurement award shall be paid for more than 20% of the number of weeks for which

compensation is payable under this section. * * * "

A hearing was held by the Board on April 1, 1966 which resulted in an award of Fifty Dollars ($50.00) per week for a period of eighty-five (85) weeks. A supplemental agreement was entered into in accordance with this award and payment was made by the Insurer for the eighty-five (85) weeks beginning January 4, 1965 and ending August 23, 1966.

On December 7, 1966 the claimant filed a Petition for review of the existing compensation agreement now seeking compensation for permanent partial disability of the hands. The parties stipulated that such permanent disability consisted of a twelve and one-half per cent (12½%) loss of the use of both hands. This Petition was brought under 19 Del.C., Sec. 2326(d), which reads as follows:

"In all other cases of permanent injury of the classes specified in subsection (a) of this section, or when the usefulness of a member or any physical function is permanently impaired, (emphasis supplied) the compensation shall bear such relation to the number of weeks stated in the schedule set forth in subsection (a) of this section as the disabilities bear to those produced by the injury named in the schedule."

At the hearing on this Petition the Insurer took the position that in view of the percentage of permanence, the compensation paid for disfigurement represented in part an overpayment for which it should receive credit against the award for permanent partial disability. No testimony was taken, but the issue thus raised by the Insurer was submitted to the Board on memoranda. Thereafter, an award was entered by the Board of fifty-five (55) weeks compensation based on a twelve and ore-half per cent (12½%) loss of use of each hand, and no credit was allowed to the Insurer for the claimed overpayment.

19 Del.C., Sec. 2326(f) clearly states in so many words that no disfigurement award shall be paid for more than twenty per cent (20%) of the number of weeks for which compensation is payable under that section, i. e., Sec. 2326. The Board has determined that the compensation payable under that section to be at the rate of Fifty Dollars ($50.00) per week based upon an average weekly rate of One Hundred Eighty-nine dollars and twenty cents ($189.20), and that said compensation should be payable for fifty-five (55) weeks for twelve and one-half per cent (12½%) loss of the use of each hand from and including the eleventh day of August, 1966 until terminated or otherwise modified.

Since an award for disfigurement is limited to twenty per cent (20%) of the amount of compensation payable to this claimant under 19 Del.C. 2326(d) the claimant in addition to the fifty-five (55) week award was entitled only to eleven (11) weeks for disfigurement, and the Board should have given the Insurer credit for the overpart seventy-four (74) weeks on the disfigurement award. The award of the Board requiring the employer to enter into a supplemental agreement for fifty-five (55) weeks compensation for permanent partial disability without allowing a credit or setoff of the overpayment was contrary to the law and must be reversed and remanded to the Board directing that such credit be allowed.

It is so ordered.